# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FRANCISCO REYNIER ARIAS, JR., | ) | CASE NO. 08-01980-GP3-7 |
| MELISSA SUE ARIAS, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| SUSAN R. LIMOR, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | ADVERSARY NO. 310-0126A |
| | ) | |
| GRETCHE ARIAS KUNZE, | ) | |
| IDA ARIAS SEIJOS, | ) | |
| CRAIG SEIJOS, | ) | |
| DR. TOM SCILARIS, | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL STATEMENT

Comes the Plaintiff, by and through counsel, for this second pretrial conference, and would respectfully represent to this Court as follows.

## UNCONTESTED FACTS

1. Plaintiff is the duly qualified and acting Trustee in this bankruptcy case.

2. This adversary proceeding is commenced in the case of Francisco Reynier Arias, Jr., and Melissa Sue Arias ("Debtors"), a Chapter 7 case bearing case number 308-01980-GP3-7 pending in the Middle District of Tennessee.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(F) and (H).

4. On March 10, 2008, Debtors filed a Bankruptcy Petition under Chapter 11 of Title 11 of the United States Code.

5. The Debtors converted this case to a Chapter 7 Bankruptcy Case on April 15, 2008.

6. Plaintiff was appointed as Interim Trustee in the Chapter 7 case on April 15, 2008.

7. Pursuant to 11 U.S.C. § 548, the Trustee can avoid any transfer made by the Debtors within two (2) years of commencement of the case if the Debtors received less than reasonably equivalent value in exchange for the transfer and the Debtors were insolvent or became insolvent as a result of the transfer.

8. Pursuant to 11 U.S.C. § 548, the Trustee can avoid any transfer made by the Debtors within two (2) years of commencement of the case if the transfer was made for the purpose of hindering, delaying or defrauding creditors, and was made with actual intent to defraud.

9. The Trustee has the powers of a judicial lien creditor of the Debtors as of the commencement of the case pursuant to 11 U.S.C. § 544.

10. Pursuant to 11 U.S.C. § 544 and T.C.A. § 66-3-101 et seq., the Trustee can avoid any transfer made within four (4) years of the commencement of the case if the Debtors received less than reasonably equivalent value in exchange for the transfer and the Debtors were insolvent or became insolvent as a result of the transfer.

11. Pursuant to 11 U.S.C. § 544 and T.C.A. § 66-3-101 et seq., the Trustee can avoid any transfer made within four (4) years of the commencement of the

case if the transfer was made for the purpose of hindering, delaying or defrauding creditors, and was made with actual intent to defraud.

12. Pursuant to 11 U.S.C. § 547, the Trustee can avoid any transfer made on account of an insider's antecedent debt within one (1) year of the commencement of the case if the debtors were insolvent at the time of the transfer.

13. Pursuant to 11 U.S.C. § 547, the Trustee can avoid any transfer made on account of an antecedent debt of a non-insider made within ninety (90) days of the commencement of a case if the Debtors were insolvent at the time of the transfer.

## COUNT I

14. The Trustee has received a default judgment against Defendant Gretchen Arias Kunze.

## COUNT II

15. The Trustee has received a default judgment against Defendants Ida Arias Seijos and Craig Seijos ("Seijos").

## COUNT III

### TRUSTEE'S STATEMENT OF FACTS AND THEORY OF CAUSE OF ACTION AS TO DR. TOM SCILARIS

16. Defendant Dr. Tom Scilaris ("Scilaris") is an insider of the Debtors.

17. Scilaris is a business associate of the Debtors.

18. Scilaris is an investor in the Debtors' business(es).

19. Scilaris received transfers from the Debtors within one year prior to the filing of the bankruptcy petition.

20. These transfers were made for the purpose of hindering, delaying or defrauding creditors, and were made with actual intent to defraud.

21. These transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the transfers were made for the purpose of hindering, delaying, or defrauding creditors, and were made with actual intent to defraud.

22. In the alternative, the transfers were made without consideration to the Debtors.

23. The transfers may be avoided by the Trustee pursuant to 11 U.S.C. § 548 and recovered for the benefit of the estate pursuant to 11 U.S.C. § 550 because, within two (2) years of the commencement of the case, the Debtors received less than reasonably equivalent value in exchange for the transfers and the Debtors were insolvent or became insolvent as a result of the transfers.

24. In the alternative, just prior to the bankruptcy filing (the "Preference Period"), Debtors made transfers of property of the Debtors to or for the benefit of the Defendant Scilaris.

25. These transfers benefited Defendant Scilaris.

26. At the time these transfers were made to or for the benefit of the Defendant Scilaris, Defendant Scilaris was a creditor of the Debtors.

27. The transfers were made in payment for, or on account of, an antecedent debt owed to the Defendant Scilaris by the Debtors before the transfers were made.

28. At the time that the transfers were made to the Defendant Scilaris, the Debtors were insolvent.

29. As a result of the transfers, the Defendant Scilaris received more than he would have otherwise received under Chapter 7 of the Bankruptcy Code, if the transfers had not been made, and if the Defendant Scilaris received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

30. These transfers to the Defendant Scilaris are avoidable pursuant to 11 U.S.C. § 547(b).

31. The Plaintiff, as Trustee, is authorized under 11 U.S.C. § 550 to recover the transfers or their value to the extent that they are avoided under 11 U.S.C. § 547.

32. Defendant Scilaris may have received additional transfers which Plaintiff may learn about during the discovery process, and such transfers are expressly subject to this action.

## **LEGAL ISSUES**

33. Whether the Plaintiff may avoid these transfers pursuant to 11 U.S.C. § 548 and recover the proceeds for the benefit of the Estate pursuant to 11 U.S.C. § 550.

34. Whether the Plaintiff may avoid these transfers pursuant to 11 U.S.C. § 544 and T.C.A. §§ 66-3-101, et seq. and recover the proceeds for the benefit of the Estate pursuant to 11 U.S.C. § 550.

35. Whether the Plaintiff may avoid these transfers pursuant to 11 U.S.C. § 547 and recover the proceeds for the benefit of the Estate pursuant to 11 U.S.C. §550.

The Trustee requests that the Pretrial Conference in this matter as to Defendant Dr. Tom Scilaris be continued because Plaintiff has extended the deadline for Defendant Dr. Tom Scilaris to file an Answer in this case. The Trustee is also in receipt of records from Dr. Tom Scilaris and is currently reviewing his position. Also, the underlying facts in this adversary case are similar to those in several other adversaries which the Trustee has filed in this bankruptcy case, and it would be more efficient for the Court to hear these adversaries contemporaneously.

    Respectfully submitted,

    SUSAN R. LIMOR, ATTORNEY AT LAW
    A PROFESSIONAL CORPORATION

    By:   /s/ Susan R. Limor
         Susan R. Limor
         Attorney for Trustee
         2814 Dogwood Place
         Nashville, Tennessee 37204
         (615) 742-1304
         Fax: (615) 742-0858
         srl@limorlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a true and exact copy of the foregoing document via United States mail to the U.S. Trustee, 318 Customs House, 701 Broadway, Nashville, TN 37203; Nicholas G. Sekas, Attorney for Dr. Tom Scilaris, SEKAS & ASSOCIATES, LLC, 530 Sylvan Ave., Englewood Cliffs, NJ 07632; Gretche Arias Kunze, 1934 Portway Rd., Spring Hill, TN 37174; Ida Arias Seijos, 1901 Portway Rd., Spring Hill, TN 37174; and Craig Seijos, 1901 Portway Rd., Spring Hill, TN 37174 on this 9th day of July 2010.

/s/ Susan R. Limor
Susan R. Limor